ALPHEUS C. YOUNG et al., Respondents, *v.* THE PHENIX
INSURANCE COMPANY, Appellant.

(Argued September 19, 1874; decided January term, 1875.)

THIS was an appeal from a judgment of General Term,
affirming a judgment in favor of plaintiffs entered upon an
order overruling demurrer to the complaint. The demurrer
was on the ground that the complaint did not state a cause
of action. The action was upon an open policy of insurance.
The complaint alleged that the policy, by its terms, insured
the several persons whose names should thereafter be indorsed
thereon as owner, advancer or common carrier; that by a
proper indorsement duly made on the policy it insured plain-
tiffs against loss and damage on a cargo of potatoes on board
the canal boat Nellie Curtis, and then, after allegations of loss
and discovery on commencing to discharge the cargo and
notice to defendant, alleged that defendant directed plaintiffs
to continue the discharge and to sell the cargo to ascertain
the damages; that this was done and the amount of $4,237.35
ascertained as total damages. One ground upon which the
demurrer was sought to be sustained was that there was no
sufficient averment of interest. *Held*, untenable; that the alle-
gation of a *proper* indorsement *duly* made, taken in connec-
tion with the condition in the policy, was to be construed as
an allegation of interest, either as owner, advancer or com-
mon carrier; also, that the other allegations were sufficient
averments of interest, which were recognized by defendant,
to the total amount of damage.

The complaint alleged that the damage was caused by a
leakage of the boat, which was occasioned by an accident
which occurred to said boat on the 22d of November, 1869.
That at the time of the accident no material damage appeared
to have been done, but it was discovered on commencing to
discharge the cargo on the 13th January, 1870. The indorse-
ment on the policy was alleged to have been made November
27th, 1869; and it was alleged that, as plaintiffs were informed
and verily believed, the boat was then in good condition and
seaworthy, and the cargo in good condition; it was objected

by defendant that it appeared either that the implied warranty of seaworthiness, which was a condition precedent to the policy attaching, was violated, or that the injury to the cargo was in active operation and was a peril in existence, not one occurring after the policy attached. *Held*, that the averments of seaworthiness and that the · cargo was in good condition were sufficient to meet the objection.

· The complaint further stated, in substance, that a notice of loss was not given in thirty days as required by the policy, and alleged certain facts as an excuse. The policy itself was not set forth, nor was it stated what was the effect of a failure to give the notice in the time specified. It was objected that the complaint showed a failure to comply with a condition of the policy. *Held*, that the allegations seemed to assume that the condition might be excused, but that,·in any event, the court could not determine upon demurrer that the condition, if not complied with, operated to forfeit the policy; also that some of the facts stated, as an excuse, tended to show a waiver.

*Samuel Hand* for the appellant.

*N. A. Calkins* for the respondents.

Lott, Ch. C., reads for affirmance.
All concur.
Judgment affirmed.